## ZUMHOFF v. THE STATE.

Those provisions of the Code which prohibit the sale of intoxicating liquors, by the glass, are not unconstitutional.

In an indictment against an individual for retailing intoxicating liquors by the dram, it is not necessary, to designate the premises upon which the alleged sale was made. It is sufficier t if the offense is charged to have been committed in the appropriate county. It is desirable, though not essential, that the town or city be designated.

Where an indictment is in substantial compliance with § 2916 of the Code, it cannot be deemed invalid.

An indictment for retailing intoxicating liquors charged the defendant with being "a retailer of intoxicating liquors by the glass or dram, to be there and then drank, in and about the premises of him, the said William Zumhoff, by consumers and purchasers thereof; and did then and there on divers different and separate times, retail to divers persons, to the jury unknown, twenty glasses or drams of rum, brandy, gin, whiskey and wine, and other intoxicating liquors," &c.; held, that the offense is charged sufficiently specific, and with more descriptive and explanatory matter than is n ecessary under the Code.

When the offense is charged as defined in the first division of § 925 of the Code, it includes within its meaning that which is described after the word "prohibited" in the last division of this section.

Where an indictment charges that the defendant had retailed twenty glasses or drams of intoxicating liquors to divers persons, at divers times, it does not thereby present more than one offense, as limited by § 2917 of the Code.

### Error to Dubuque District Court.

*Opinion by* GREENE, J. An indictment was returned by the grand jurors of Dubuque county against Willam Zumhoff, for retailing intoxicating liquors by the glass or dram, contrary to § 925 of the Code. Defendant demurred to the indictment, assigning several causes for demurrer. The demurrer was overruled, and judgment rendered against the defendant.

It is now alleged that the judgment is erroneous, for the reasons assigned in the demurrer.

Zumhoff v. The State.

1. Because the act under which the indictment was found is an unwarrantable and unconstitutional exercise of legislative power. As this point was sufficiently considered in *Our House No. 2* v. *State*, [a] at the June term, 1853, of this court, it will not now be discussed. In that case it was decided that those provisions of the Code which prohibit the sale of intoxicating liquors by the glass, are not unconstitutional. We so decide in this case.

2. It is claimed that the indictment does not state the place where the alleged offence was committed with sufficient certainty, nor designate the precise locality of the premises upon or within which the alleged violation of law took place. After giving the county and state, and stating the residence of defendant as being of Dubuque, in the county and state aforesaid, it charges that defendant at Dubuque, in the county and state afosesaid, did presume to be, and was a retailer of intoxicating liquors, by the glass or by the dram, to be then and there drank, in and about the premises of him, the said William Zumhoff," &c. It states the city, the county and the state in which the alleged sales were made, in violation of law. This is sufficient. In an indictment against an individual for retailing intoxicating liquors by the glass or by the dram, it is not necessary to describe the premises. If the offense is alledged to have been committed within a designated town or city, in the appropriate county, it is sufficient.

The Code declares that no indictment shall be quashed if it can be understood that the offense was committed at some place within the jurisdiction of the court; § 2916. Accordingly, if the venue is appropriately set forth, or if the offense is alleged to have been committed within the county for which the presentment was made, it is sufficient. It is not necessary to designate the town or city. But as incorporated towns and cities are invested with more or less power to regulate the traffic in liquor, it would seem

(a) *Ante*, 172.

more appropriate to name the town or city in the indict-ment; still, this is not essential to the validity of such an indictment.

If the indictment is against the premises, or the "dram shop," in which the unlawful sales are charged to have been made, the place should be described so as to be readily known or ascertained, in order to abate the nuisance.

3. It is urged that the indictment does not show that the same was found by a grand jury duly impanneled according to law, and does not state the time when it was found. It appears by the record in the case, that "on the second day of April, A. D. 1853, the grand jury, by their foreman, C. H. Booth, presented to the district court of Dubuque county, then in session, the following indictment for selling liquor." Then follows a copy of the indictment, setting forth the proper venue, term of court, and that the grand jurors in and for said county, duly selected and impanneled, upon their oath present," &c. As the county and state are distinctly named in the margin at the commencement of the indictment, and the county referred to as "said county," and the indictment avers that the grand jurors were duly elected, impanneled and sworn, we think this objection is without foundation. The indictment is in substantial compliance with § 2916 of the Code, and therefore cannot be deemed invalid.

4. The indictment does not allege any specific offense, and does not contain a sufficient information of the accusation against defendant. In reply to this, it is only necessary to say that the offense is averred in the language of the Code. It charges defendant with being a "retailer of intoxicating liquors by the glass or by the dram, to be then and there drank, in and about the premises of him, the said William Zumhoff, by consumers and purchasers thereof, and did then and there, on divers different and separate times, retail to divers persons, to the jurors unknown, twenty glasses or drams of rum, brandy, gin, whiskey and wine, and other intoxicating liquors," &c. The section of the Code which defines the offense, simply

Zumhoff v. The State.

prohibits the retail of intoxicating liquors by the glass or by the dram, § 925. It follows, therefore, that the indictment in this case, contains more words than are necessary to define the offense. It not only avers all that was necessary under the Code, but it also contains much descriptive and explanatory matter, which may be treated as surplusage, which will not vitiate an indictment. The section of the Code last referred to declares, " the retail of intoxicating liquors, in the manner which is commonly denominated 'by the glass,' or 'by the dram,' is hereby ·prohibited." This portion of the Code explicitly defines the act which is prohibited. Then follows in the same section that which makes the sale of liquors in larger quantity than by the dram, " with a view to their being drank on or about the premises, as a selling by the dram within the meaning of this section." The offense may be completely charged without any reference to this last clause of the section. It may be charged in the few words contained in the first division of the section, without any reference to what follows, and still be a perfect indictment, and comprise within its meaning the sale of liquor in any quantity, with a view to their being drank on the premises, as described in the latter division of that section after the word "prohibited."

5. It is next objected that the indictment does not conclude properly. It avers that the offense was committed by the defendant " contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the state." It is claimed that as the offence charged is under a penal statute, the indictment should conclude by a specific reference to the statute under which the same was found. We can discover no reason or authority for this objection. The offence is created by statute, and when it is alleged to have been committed contrary to the form of the statute, it is sufficient. The body of the indictment, in describing the offence, sufficiently refers to that portion of the statute which is averred to have been violated, and it concludes

in the usual form. It refers to the "statute in such case made and provided."

In *United States* v. *Gilbert*, 2 Sumner, 19, it was held that the conclusion of an indictment "against the form of the statute"—in the singular—is sufficient in all cases, even where the offence is distinctly within more than one independent statute. So a conclusion "against the form of the statutes," in the plural, would be good, even if the offense was punishable by a single statute only.

In *Fuller* v. *State*, 1 Blackf., 63, it is decided that an indictment should conclude *contra formam statuti*, when the statute creates an offense which did not exist at common law.

6. It is objected that the indictment avers more than one offence in the same count; that it alleges the sale of twenty glasses or drams, to divers persons at divers times, and therefore shows different offences. To support this objection, reliance is placed on § 2917 of the Code. "An indictment must present but one public offense, but such offense may be therein charged in different forms to meet the evidence in the case."

The offense presented by the indictment in this case is no departure from the above section. It charges but one public offense, and that is, "the retailing of intoxicating liquors by the dram." It matters not whether the defendant retailed one or twenty drams, the offense is still the same, and in violation of the same section of the Code. In the one case a mild penalty would be called for, and in the other a heavier fine, or both fine and imprisonment, according to the extent and flagitious character of the offense. If long continued and under atrocious circumstances, the severest penalty of the law should be enforced.

The indictment in this case alleges the offense to have been committed as a continuous traffic, "on divers occasions to divers persons," and still it presents only the one offense; the retail of intoxicating liquors by the dram. [a]

(a) *Our House No.* 2 v. *State, Ante* 172.

Zumhoff *v.* The State.

The offence charged is of a continuous character, carried on from day to day, and although the unlawful traffic is alleged to have been continued for several days or weeks prior to the commencement of the prosecution, it must still be regarded as but the one offence, made the more enormous by its long continuance, and requiring the more exemplary punishment.

The object of the law is to prohibit the retail traffic in intoxicating liquors; and it is the imperative duty of the officers of the law to see that object effectually and faithfully secured. Very different views may be honestly entertained in reference to the expediency or propriety of the law, but no difference of opinion should prevail as to the duty and necessity of maintaining the dignity and majesty of all laws. Every man, whether in public or private life, should unite in requiring a strict enforcement of all laws enacted for the preservation of life, property, peace and prosperity.

Courts are especially called upon to overlook slight technical objections, to disregard popular prejudices, and to so construe statutes and adjudge causes, that the avowed objects of the legislature for the public good may be respected and enforced. To this end, an indictment in substantial compliance with the statute upon which it is framed, should not be deemed insufficient, however defective it may be in mere matters of form, which cannot prejudice the rights of the accused. The indictment at bar is by no means perfect in form, still it is good in substance and contains no defect that can prejudice the rights of the' defendant. For that reason the court below very correctly overruled the demurrer.

Judgment affirmed.

*J. Burt*, for plaintiff in error.

*D. C. Clond*, Attorney General for the state.